UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **DARYLE L. PITTS,** | : | Civil Action No.: 07-2436 (MLC) |
| Plaintiff, | : | |
| v. | : | AMENDED SCHEDULING ORDER |
| **GEORGE W. HAYMAN, et al.,** | : | |
| Defendants. | : | |

This matter having come before the Court by way of informal application by Joseph Micheletti, Deputy Attorney General, on behalf of Defendants George W. Haymn, Michelle R. Ricci, Donald Mee, Jr., and Christopher Holmes (collectively "Defendants") for a scheduling order setting forth the time within which to complete discovery, submit dispositive motion(s) and file pretrial submissions and for leave to depose Plaintiff [dkt. entry no. 39]; and the Court having reviewed the parties' written submissions; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and good cause having been shown; and for the reasons stated above;

**IT IS** on this 7th day of October, 2010,

**ORDERED** that:

1) The pending Notice of Call for Dismissal pursuant to Local Civil Rule 41.1 is [dkt. entry no. 31] is terminated.

2) All discovery is to be completed by **January 14, 2011**. Outstanding discovery disputes must be resolved by appropriate motion returnable before that date. See Local Civil Rules 7.1, 37.1, 56.1, 78.1 (motions) and 26.1 (discovery).

3) Prior to the deadline for completion of discovery, Defendants may take the deposition of Plaintiff who is presently incarcerated in New Jersey State Prison in Trenton, New Jersey. The deposition is to be taken on a date and time designated by the Office of the Attorney General upon three

(3) days notice to the Administrator of the prison where Plaintiff is assigned and at a place designated by said Administrator; and that the court reporter shall bring with him/her all necessary equipment including, but not limited to, a laptop computer, into the facility.

4) Any dispositive motion(s) shall be filed no later than **February 11, 2011** and made returnable on **March 7, 2011**.  Any opposition briefing must be submitted no later than fourteen (14) days prior to the return date.  Any reply briefing shall be submitted no later than seven (7) days prior to the return date.  Copies of all motion papers shall be served on the Clerk of the Court and opposing counsel/*pro se* litigant.

5) In the event no dispositive motion(s) has been filed, the parties are to comply with the previously provided directive regarding the contents of the Pretrial Memorandum. One (1) original and one (1) copy of the Plaintiff's Pretrial Memorandum shall be submitted to the Honorable Douglas E. Arpert, U.S.M.J. and to Defendants' counsel by **March 1, 2011**. Defendants' counsel shall incorporate Plaintiff's Pretrial Memorandum into Defendants' Pretrial Memorandum, and same shall be submitted to the Honorable Douglas E. Arpert, U.S.M.J. by **March 15, 2011**. Copies of all Pretrial Memoranda shall be served on opposing counsel/*pro se* litigant. **The Pretrial Memoranda are not to be filed on CM/ECF by the parties.**

6) The Pretrial Order in this matter shall be filed by the Court on or about **March 31, 2011**.  There shall be no appearances by any party or counsel unless directed by the Court.

7) There will be **no further extension(s)** of the deadlines established herein except upon formal motion and on a showing of good cause.

                                              s/ *Douglas E. Arpert*
                                              **DOUGLAS E. ARPERT**
                                              **UNITED STATES MAGISTRATE JUDGE**

## Pretrial Memorandum Instructions

Each party shall prepare a Pretrial Memorandum which shall contain the following information:

1. A concise statement of the nature of the action and of the jurisdiction of this Court.
2. The admissions of stipulations of the parties with respect o the cause of action pleaded by plaintiff or defendant-counterclaimant.
3. The factual (not conclusory) and legal contentions of the plaintiff as to the liability for the defendant, which shall be set forth on separate sheets.
4. The factual (not conclusory) and legal contentions of the defendant as to non-liability and affirmative defenses, which shall be set forth on separate sheets.
5. All claims as to damages and the extent of injury, and admissions or stipulations with respect thereto.  Requirements of this paragraph will not be satisfied by incorporating through reference answers to interrogatories.
6. A specification of the legal issues to be determined at trial, including all evidence problems which are anticipated for trial.
7. A list of the exhibits offered by each party.
8. The name of each proposed expert witness together with each such expert's qualifications and report.
9. The names and current addresses of every proposed witness together with a summary of the testimony expected from each.
****************************************************************************

Failure to set forth any of the information described above shall preclude the party who omitted that information from presenting it at trial.